[Crim. No. 3378.   First Dist., Div. One.   July 17, 1957.]

In re HAROLD C. RYE, on Habeas Corpus.

Carl B. Shapiro, under appointment by the District Court of Appeal, for Petitioner.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Arlo E. Smith, Deputy Attorney General, for Respondent.

WOOD (Fred B.), J.—In 1948, in the superior court, Fresno County, petitioner was convicted upon three counts (first degree murder and two armed robberies). He was sen-

tenced to life imprisonment for murder and for the term prescribed by law upon each of the robbery counts.

■ The judgment erroneously declared that the terms for robbery would run consecutively. Section 669 of the Penal Code declares that when a person is convicted of one or more crimes and the punishment for any of them "is expressly prescribed to be life imprisonment," the terms of imprisonment on the other convictions "shall be merged and run concurrently with such life term." Imprisonment for first degree murder is *expressly prescribed* as "confinement in the state prison for life" (Pen. Code, § 190. See *People* v. *Holman*, 72 Cal.App.2d 75, 100 [164 P.2d 297].)

If this were an appeal from the judgment we could correct the judgment by amending it, without referring it to the trial court for correction. (*People* v. *Tucker*, 127 Cal.App.2d 436, 438 [273 P.2d 934]; *People* v. *Pearson*, 150 Cal.App.2d 811, 821-822 [311 P.2d 142]; *People* v. *Pearson*, 151 Cal. App.2d 583, 586 [311 P.2d 927].)

But this is not an appeal. It is a habeas corpus proceeding. Although we can not deal directly with the judgment by amending it we can ascertain and declare its meaning and effect. Habeas corpus is not limited to the type of case in which a petitioner is entitled to be discharged. ■ "It is well settled that the writ of habeas corpus ordinarily may not be employed as a substitute for an appeal . . . , yet the scope of inquiry in such proceedings has been broadened rather than narrowed . . . , and the writ may be used to present questions of law that cannot otherwise be reviewed or are so important as to justify an extraordinary remedy . . ." (*In re Byrnes*, 26 Cal.2d 824, 827 [161 P.2d 376]; approved and followed in *In re Gonsalves*, 48 Cal.2d 638, 641-642 [311 P.2d 483].) ■ "The writ of habeas corpus has been allowed to one lawfully in custody as a means of enforcing rights to which, in his confinement, he is entitled. It has been held that a prisoner is entitled to, and habeas corpus is available to enforce, 'the right to file in any court a petition or other document which purports to seek some remedy or relief relating to the offense for which he was imprisoned' . . . and petitioner's right, at reasonable times, to consult privately with his counsel in preparation for trial . . ." (*In re Chessman*, 44 Cal.2d 1, 9 [279 P.2d 24]. See also *In re McNally*, 144 Cal.App.2d 531 [301 P.2d 385].)

■ In our case the commitment was proper but the clause declaring that the robbery terms are consecutive impinges

upon petitioner's rights and privileges, including such matters as the minimum term of imprisonment allowable and the date when and after which he may be paroled. For example, the return herein shows that the Adult Authority has interpreted this judgment as requiring a minimum term of seven years on the life sentence plus additional minimum time on the two consecutive sentences for robbery.[1]

We have for interpretation a statute which declares that in the case of multiple convictions "the second or other subsequent judgment shall direct whether the terms of imprisonment or any of them" shall run concurrently or consecutively. If the court pronouncing the second or other subsequent judgment fails to so determine, that court may, within a limited period of time thereafter, make such determination, failing which "the term of imprisonment on the second or subsequent judgment shall run concurrently." All of this is subject to an exception expressed in the form of a proviso: "provided, however, if the punishment for any of said crimes is expressly prescribed to be life imprisonment, whether with or without the possibility of parole, then the terms of imprisonment on the other convictions, whether prior or subsequent, shall be merged and run concurrently with such life term." (Pen. Code, § 669.)

Clearly, when a case comes within this exception, as does our case, the court pronouncing sentence has no power to make any term run consecutively in relation to any of the other terms of imprisonment. Such a direction should be treated as having no legal effect. We so regard and declare it in this case. That leaves us a judgment which does not determine whether the sentences, or any of them, shall run concurrently or consecutively. In such a case the statute makes the determination. The proviso does so by its own force (without need of implementation by anything said in the judgment), saying as it does that the several terms "shall be merged and run concurrently with such life term."

This interpretation seems more reasonable than one that would make use of the provisions of the next to the last sentence[2] of section 669. That sentence does say that the terms

---

[1] The Adult Authority quite properly accepts such a judgment as it finds it. (See 7 Ops. Atty. Gen. 108.) The error of a court in providing for consecutive sentences should be corrected by judicial order, not by administrative action.

[2] That sentence reads: "Upon the failure of the court so to determine how the terms of imprisonment on the second or subsequent judgment shall run, the term of imprisonment on the second or subsequent judgment shall run concurrently."

shall run concurrently if the court fails to make a determination. But it is narrowly limited in scope. It applies only to terms of imprisonment "on the second or subsequent judgment" and thus is not as broad in its sweep as the proviso which says that the terms on all the "other convictions, whether prior or subsequent," shall run concurrently with the life term.

Accordingly, in respect to the judgment before us, we hold that all terms of imprisonment run concurrently.

The petition for habeas corpus is denied and the order to show cause, having served its function, is discharged.

Peters, P. J., and Bray, J., concurred.