[Crim. No. 1474. Fourth Dist. June 21, 1961.]

THE PEOPLE, Respondent, v. JOHN ALBERT KNIGHT, Appellant.

Walwick, Stahlman & Stanton and John Stanton for Appellant.

Stanley Mosk, Attorney General, and S. Clark Moore, Deputy Attorney General, for Respondent.

COUGHLIN, J.—The issue on this appeal is whether the court which grants probation to a defendant convicted of burglary and thereafter revokes such probation because, in the interim, the defendant commits, is convicted of and sentenced to the state prison for manslaughter, is authorized to order the state prison sentence imposed for the burglary offense to run consecutively with the sentence on the manslaughter charge.

The defendant, who is the appellant herein, pleaded guilty to a charge of burglary, i.e., a violation of Penal Code, section 459, which the court determined to be burglary in the first degree; applied for probation; probation was granted and the imposition of sentence was continued for five years; one of the terms of probation was that the defendant should not violate any law; thereafter the defendant committed, was charged with, and pleaded guilty to the offense of manslaughter; thereupon, judgment was pronounced for this offense decreeing imprisonment in the state prison, and reciting that the sentence thus imposed should "run concurrently with any unserved sentence heretofore imposed on the defendant"; on the following day, the court revoked the probation granted to him in the burglary case and sentenced him to imprisonment in the state prison, ordering that the sentence so imposed should run consecutively with that imposed in the manslaughter case.

The defendant appeals from the judgment in the burglary case, contending that the court did not have authority to order the sentence thereby imposed to run consecutively with the manslaughter sentence.

Pertinent parts of section 669 of the Penal Code provide as follows:

"When any person is convicted of two or more crimes, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same judge or by different judges, the second or other subsequent judgment shall direct whether the terms of imprisonment or any of them to which he is sentenced shall run concurrently, or whether the imprisonment to which he is or has been sentenced upon the second or other subsequent conviction shall commence at the termination of the first term of imprisonment to which he has been sentenced, or at the termination of the second or subsequent term of imprisonment to which he has been sentenced, as the case may be; . . . In the event that the court at the time of pronouncing the second or other judgment upon such person had no knowledge of a prior existing judgment or judgments, or having knowledge, fails to determine how the terms of imprisonment shall run in relation to each other, then, upon such failure so to determine, or upon such prior judgment or judgments being brought to the attention of the court at any time prior to the expiration of 60 days from and after the actual commencement of imprisonment upon the second or other subsequent judgments, the court shall, in the absence of the defendant and within 60 days of such notice, determine how the term of imprisonment upon said second or other subsequent judgment shall run with reference to the prior incompleted term or terms of imprisonment."

 The defendant contends that, under the foregoing provisions, the court imposing a sentence in a case which involves a second or subsequent conviction is the court which determines whether the sentence attaching to the second or subsequent conviction shall run concurrently or consecutively with the sentence attaching to the first or prior conviction; that the court imposing sentence in the case involving the prior conviction has no authority to declare that such sentence shall run consecutively with the sentence imposed as a result of the second or subsequent conviction; that the effect of the concurrent sentence provision of the judgment against him in the manslaughter case is to cause the sentence in that case to run concurrently with the sentence imposed upon him in the burglary case; and that the consecutive sentence provision in the latter case was erroneous.

The attorney general, on behalf of the People, the respondent herein, contends that the court rendering the second judgment, even though it be in the case involving the first conviction, is

the court which, under the statute, should declare whether the sentence imposed thereby should run concurrently or consecutively with the sentence imposed by any prior judgment, but refers us to the opinion in the case of *In re Klein,* 75 Cal.App.2d 600 [171 P.2d 471], which might be considered an authority to the contrary. That opinion was filed in 1946 but considered events which took place during the period 1937-1942; although unnecessary to the decision, the court therein expressed "serious doubt" whether a consecutive sentence provision, in a judgment following revocation of probation upon a conviction which preceded a subsequent conviction and judgment, was proper; but pertinent statutory provisions enacted after 1942, and which were not considered by the court in the foregoing opinion, have removed that doubt.

In 1943 the Legislature amended section 1203.2a of the Penal Code and, in revising the procedure to be followed respecting pronouncement of judgment upon a defendant who had been released on probation and subsequently had been convicted and committed to prison for another offense, added the following pertinent provisions thereto:

"Upon imposition of sentence hereunder the commitment shall be dated as of the date upon which probation was granted and if the defendant is then in a State prison for an offense committed subsequent to the one upon which he has been on probation, the term of imprisonment of such defendant under a commitment issued hereunder shall commence upon the date upon which defendant was delivered to prison under commitment for his subsequent offense, *unless the court shall order that the sentence for the prior offense shall commence upon termination of the sentence for said subsequent offense."* (Emphasis added.) (Pen. Code, § 1203.2a; Stats. 1943, ch. 321, p. 1317.)

With respect to the matter at hand, the latter of these amendatory provisions, which we have emphasized, demonstrates the intent of the Legislature expressed in section 669 of the Penal Code; recognizes the authority of the court pronouncing judgment in the case involving the prior offense or conviction, being that in which the defendant had been given probation, to order the sentence thereby imposed to commence upon termination of the sentence imposed by the judgment involving the subsequent offense or conviction; and removes any doubt that, under section 669 of the Penal Code, the court pronouncing a second or subsequent judgment shall

"determine how the term of imprisonment upon said second or other subsequent judgment shall run with reference to the prior incompleted term or terms of imprisonment." (Pen. Code, § 669.)

The defendant contends that the judgment in the two cases, i.e., that involving the burglary offense and that involving the manslaughter offense are conflicting because in one of them the court orders that the sentences shall run consecutively while in the other it orders that they shall run concurrently. There is no factual basis for this contention. The judgment in the manslaughter case orders that the sentence thereby imposed "shall run concurrently with any unserved sentence *heretofore imposed* on the defendant" (emphasis added); does not order that such sentence shall run concurrently with the sentence imposed by the judgment in the burglary case; and the sentence in the latter case was imposed *after* the manslaughter judgment.

The defendant also contends that he was sentenced at the time he was given probation, and cites *In re Young,* 121 Cal.App. 711 [10 P.2d 154], in support of this contention. However, in the cited case the court actually had pronounced judgment; sentenced the defendant to a term of imprisonment; thereupon granted his application for probation; and suspended execution of the sentence. In the instant case, the defendant's application for probation was granted; the imposing of sentence was suspended; and no sentence was pronounced until his probation had been revoked. These alternative procedures are expressly recognized and authorized by law. (Pen. Code, § 1203.) The contention is without merit.

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.