[Crim. No. 2173.   Fourth Dist.   May 18, 1965.]

In re HAROLD DOUGLAS RAMEY on Habeas Corpus.

Harold Douglas Ramey, in pro. per., for Petitioner.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Respondent.

BROWN (Gerald), P. J.—Petitioner, Harold Douglas Ramey wrote checks on insufficient funds in San Diego County in 1959 and early 1960 (Pen. Code, § 476a). Later in 1960 he engaged in similar offenses in Los Angeles County. In 1964 he pleaded guilty in San Diego County to the offenses committed there; the probation report enumerated the offenses, including those in Los Angeles County. Ramey was granted probation. He was authorized to live in Los Angeles County. Upon doing so he was rearrested for the offenses there, pleaded guilty, and was sentenced to prison.

Ramey then requested the superior court in San Diego County to sentence him under Penal Code section 1203.2a which provides in part: "Upon imposition of sentence hereunder the commitment shall be dated as of the date upon which probation was granted and if the defendant is then in

a State prison for an offense committed subsequent to the one upon which he has been on probation, the term of imprisonment of such defendant under a commitment issued hereunder shall commence upon the date upon which defendant was delivered to prison under commitment for his subsequent offense, unless the court shall order that the sentence for said prior offense shall commence upon termination of the sentence for said subsequent offense.''

The Superior Court in San Diego County revoked Ramey's probation, sentenced him to prison for the term prescribed by law, the sentence ''to run consecutively with respect to any prior incomplete sentences.'' Ramey contends the commitment, under Penal Code, section 1203.2a, should be dated as of the date probation was granted. He argues the Los Angeles offenses, although after those in San Diego, were before the San Diego probation order, and were known and considered by the San Diego superior court at the time it granted probation; that the offense for which Penal Code section 1203.2a permits consecutive sentencing is designed to cover one committed after probation is granted. Ramey's position has merit. ▮ The apparent purpose of the consecutive sentencing provisions of the statute is to permit greater punishment for a crime committed after probation has been granted. This is the situation in *People* v. *Knight,* 193 Cal.App.2d 248 [14 Cal.Rptr. 77], not applicable here.

Other grounds, charging violation of rights under the Fifth Amendment to the United States Constitution and a speedy trial, need not be considered because Ramey has not candidly set forth the facts relating to them. (*In re Swain,* 34 Cal.2d 300 [209 P.2d 793].)

Although we cannot deal directly with the judgment by amending it we can ascertain and declare its meaning and effect. (*In re Rye,* 152 Cal.App.2d 594, 595 [313 P.2d 914].) ▮ In respect to the sentence imposed by the San Diego superior court, we hold the commitment under that sentence runs from the date upon which probation was granted.

The petition for habeas corpus is denied, and the order to show cause, having served its function is discharged.

Coughlin, J., and Whelan, J., concurred.

A petition for a rehearing was denied June 1, 1965, and respondent's petition for a hearing by the Supreme Court was denied July 14, 1965.