[Crim. No. 11252.   Second Dist., Div. Two.   Nov. 1, 1965.]

In re ROBERT EUGENE NAFE on Habeas Corpus.

Robert Eugene Nafe, in pro. per., for Petitioner.

Thomas C. Lynch, Attorney General, Edsel W. Haws and Harold F. Bradford, Deputy Attorneys General, for Respondent.

KATZ, J. pro tem.*—On June 3, 1957, petitioner was sentenced to the Illinois State Penitentiary for a term of 10-15 years after conviction of armed robbery.  He was paroled on February 6, 1964, delivered to the custody of Santa Monica police officers, and returned to Los Angeles County for trial on a charge of armed robbery committed in California before

*Assigned by the Chairman of the Judicial Council.

the Illinois offense. On March 13, 1964, petitioner, having pleaded guilty, was sentenced by the Superior Court of Los Angeles County to state prison for the term prescribed by law, execution of his sentence was suspended, and he was placed on probation for 10 years. At the time of sentencing, the Los Angeles court was aware of the prior Illinois conviction and had been apprised that Illinois parole authorities did not intend to declare petitioner's parole violated because of the California conviction but contemplated that petitioner would resume his parole when released from custody and serve his Illinois parole concurrently with his California probation. Subsequently, petitioner was convicted in Orange County of a robbery committed on June 24, 1964. On January 8, 1965, he was sentenced by the Orange County Superior Court to state prison for the term prescribed by law. The minutes of that court recite ''Sentence ordered to run concurrently with any other sentence'' and the abstract of judgment states ''This sentence is ordered to run concurrently with any sentence the defendant is now serving or may have to serve in the future.'' On the date sentence was pronounced, the Orange County court was aware of the prior convictions and sentences both in Illinois and Los Angeles. On March 1, 1965, the Los Angeles Superior Court, having been advised of the Orange County conviction and sentence, revoked petitioner's probation, ordered petitioner committed to state prison or purported to sentence him to prison for the term prescribed by law, and provided that ''sentence is ordered to run CONSECUTIVELY to sentence now serving.'' On May 5, 1965, the warden of the Illinois Penitentiary determined that petitioner had violated his parole, apparently because of the June 24, 1964, robbery, and issued a warrant for his arrest which was delivered to the California Men's Colony at Los Padres where petitioner was incarcerated.

Upon petitioner's application for a writ of habeas corpus, we issued an order to show cause to ascertain why petitioner's California sentences should not be held to run concurrently rather than consecutively, and to determine if there was any reason why petitioner should not be turned over to Illinois authorities so that he might serve his California sentences concurrently with his unexpired Illinois sentence. On the return to the order, respondent concedes that petitioner is entitled to be released to the Illinois authorities for the purpose of serving his uncompleted sentence in order to give effect to the portion of the California judgments providing that his

California sentences should run concurrently with his Illinois sentence. (*In re Stoliker,* 49 Cal.2d 75 [315 P.2d 12]; *In re Portwood,* 236 Cal.App.2d 321 [45 Cal.Rptr. 862]; *In re Altstatt,* 227 Cal.App.2d 305 [38 Cal.Rptr. 616]; *People* v. *Massey,* 196 Cal.App.2d 230 [16 Cal.Rptr. 402].) In this connection, respondent admits the Superior Court of Orange County could and did provide that its sentence should run concurrently with the remainder of petitioner's Illinois sentence, and the Superior Court of Los Angeles County did not and could not provide by its order of March 1, 1965, that its sentence run consecutively to the uncompleted Illinois sentence. (*In re Ramey,* 234 Cal.App.2d 459 [44 Cal.Rptr. 473].) The only question remaining, therefore, is whether the two California sentences should run concurrently as the Orange County court sought to provide or consecutively as the Los Angeles court expressly purported to provide.

Section 669 of the Penal Code provides, in part, as follows: ''When any person is convicted of two or more crimes, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same judge or by different judges, the second or other subsequent judgment shall direct whether the terms of imprisonment or any of them to which he is sentenced shall run concurrently, or whether the imprisonment to which he is or has been sentenced upon the second or subsequent conviction shall commence at the termination of the first term of imprisonment to which he has been sentenced, or at termination of the second or subsequent term of imprisonment to which he has been sentenced, as the case may be . . .'' ▇ Under that section, in the case of multiple convictions, the court pronouncing the second sentence determines whether its sentence and the previously imposed sentence shall run concurrently or consecutively. (*In re Rye,* 152 Cal.App.2d 594 [313 P.2d 914]; *People* v. *Knight,* 193 Cal.App.2d 248 [14 Cal.Rptr. 77].) In the present case, the Orange County Superior Court imposed the second or subsequent sentence and, as a result, it, and not the Los Angeles County Superior Court, was empowered to determine whether the two California terms of imprisonment should run concurrently or consecutively.

The Attorney General contends, however, that when a defendant is placed on probation, there is no ''judgment'' as that term is used in section 669 until probation has been revoked and sentence ordered into execution, and that, accordingly, the Los Angeles court rendered the ''second or other

subsequent judgment'' within the meaning of section 669 and was entitled to direct that its sentence commence to run upon termination of the sentence imposed by the Orange County court. He argues that when probation has been granted and subsequently revoked, section 1203.2a of the Penal Code authorizes the court revoking probation to provide that its sentence shall run consecutively to a prison sentence then being served as a result of an offense committed while the defendant was on probation, and cites *People* v. *Knight, supra,* 193 Cal.App.2d 248, in support thereof. The pertinent portion of section 1203.2a reads as follows: ''Upon imposition of sentence hereunder the commitment shall be dated as of the date upon which probation was granted and if the defendant is then in a state prison for an offense committed subsequent to the one upon which he has been on probation, the term of imprisonment of such defendant under a commitment issued hereunder shall commence upon the date upon which defendant was delivered to prison under commitment for his subsequent offense, unless the court shall order that sentence for the prior offense shall commence upon termination of the sentence for said subsequent offense.''

The contention and argument of the Attorney General fails to give due consideration to the fundamental distinction between a grant of probation following suspension of imposition of sentence and one following suspension of execution of sentence, and to the fact that in the present case, probation was granted after sentence had been imposed and execution thereof suspended. ▪ As pointed out in *People* v. *Arguello,* 59 Cal.2d 475, 476 [30 Cal.Rptr. 333, 381 P.2d 5], ''In granting probation after a conviction, the trial court may suspend the imposition of sentence, in which case no judgment of conviction is rendered, or it may impose sentence and order the execution thereof stayed. In the latter case a judgment of conviction has been rendered.'' Section 1203.2a, which is relied upon, recognizes this distinction and limits the right of the court upon revocation of probation to order sentences to run consecutively to cases in which no sentence was imposed at the time probation was granted. The quoted portion of that section begins with the phrase ''Upon imposition of sentence hereunder,'' and other portions of that section authorize the court to impose sentence only ''if no sentence has previously been imposed for the offense for which he was granted probation.'' *People* v. *Knight, supra,* also expressly recognizes the distinction referred to above. It was there held that

a court which grants probation after suspending imposition of sentence and thereafter revokes such probation because, in the interim, the defendant commits, is convicted of and sentenced to prison for, another offense, is authorized to order the sentence imposed for the prior offense after revocation of probation to run consecutively with the sentence previously imposed for the subsequent offense.

When, as in the present case, probation has been granted after sentence has been imposed and execution suspended, the court revoking probation is precluded from directing that its previously imposed sentence shall run consecutively with a sentence imposed during probation for a subsequent offense. Section 1203.2 of the Penal Code provides that "if the judgment has been pronounced and the execution thereof has been suspended, the court may revoke such suspension, whereupon the judgment shall be in full force and effect, and the person shall be delivered over to the proper officer to serve his sentence. . . ." It has been held that the foregoing section prohibits modification of a previously imposed sentence or imposition of a different or additional judgment upon revocation of probation (*People* v. *Arguello, supra,* 59 Cal.2d 475; *In re Robinson,* 142 Cal.App.2d 484 [298 P.2d 656]), and that the direction as to whether sentences shall run concurrently or consecutively is a part of the judgment. (*In re Pedrini,* 33 Cal.2d 876 [206 P.2d 699] ; *In re Rye, supra,* 152 Cal.App.2d 594; *In re Radovich,* 61 Cal. App.2d 177 [142 P.2d 325] ; *People* v. *Cowan,* 44 Cal.App.2d 155 [112 P.2d 62].)

We hold that the commitment and purported judgment issued and pronounced by the Los Angeles Superior Court on March 1, 1965, following revocation of petitioner's probation, erroneously directs or declares the sentence of said court shall run consecutively to the sentence imposed by the Orange County Superior Court on January 8, 1965, that such direction or declaration has no legal effect, and that, with respect to the judgments before us, the terms of imprisonment run concurrently. Although we cannot in this proceeding deal directly with the commitment or purported judgment of March 1, 1965, by amending it, we can ascertain and declare its meaning and effect. (*In re Ramey, supra,* 234 Cal.App.2d 459 ; *In re Rye, supra.*)

It is ordered that the superintendent of the California Men's Colony at Los Padres make petitioner available for delivery to the Illinois State Penitentiary authorities for the purpose

of serving the remainder of his Illinois sentence and for later redelivery to the California authorities for service of any unexpired portion of his California sentences.

Herndon, Acting P. J., and Fleming, J., concurred.

The petitions of the petitioner and the respondent for a hearing by the Supreme Court were denied December 22, 1965.