[No. F004796. Fifth Dist. Jan. 9, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
BILLY GENE GRAY, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts I, II, and III(a).

## Counsel

Joel M. Basta for Defendant and Appellant.

John K. Van de Kamp, Attorney General, W. Scott Thorpe and David De Alba, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**HAMLIN, J.**—Defendant Billy Gene Gray was convicted on his guilty plea of the sale of cocaine (Health & Saf. Code, § 11352). Defendant was sentenced to prison for the middle term of four years, plus a one-year consecutive term for a previous conviction in Kings County. Defendant appeals, urging sentencing errors only.

The principal issue presented is one of first impression: Does bail on appeal from defendant's first conviction and sentence preclude the court imposing sentence for defendant's second conviction from ordering that the sentences so imposed run consecutively? (Pen. Code, § 669.)[1] We conclude that it does not and affirm the judgment.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

PROCEDURAL HISTORY

On December 21, 1981, the Kings County Superior Court sentenced defendant to four years in prison for his conviction by jury of possession of cocaine for sale and other related offenses. Immediately thereafter, defendant filed a notice of appeal and asked to be released pending appeal. The court refused defendant's request and fixed bail on appeal at $5,000. Defendant asked the court to stay the sentence to allow him to post bail. The court refused and ordered defendant into custody. Defendant later posted bail and was released pending appeal.

The appellate court affirmed defendant's Kings County conviction and sentence but before any further proceedings in Kings County, defendant pleaded guilty to the Tulare County charge of a sale of cocaine. Defendant was sentenced on June 26, 1984, to prison for the middle term of four years for his Tulare County conviction. The Tulare County Superior Court designated its sentence as the principal term and the Kings County sentence as the subordinate term (one-third of three years) and ordered the sentences to run consecutively.

On June 29, 1984, the Kings County Superior Court reimposed the sentence pronounced on December 21, 1981.

DISCUSSION

I-III (a)*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

III (b). *Section 669.*

■ Defendant contends the Tulare County Superior Court erred by ordering a consecutive sentence based on a sentence in Kings County which "had not yet been imposed." We construe defendant's contention to be that, because he was released on bail pending appeal from the Kings County judgment imposing a prison sentence, the Tulare County judgment was not a second judgment upon which sentence is ordered to be executed within

*See footnote on page 520, *ante.*

the meaning of section 669. That section provides in relevant part:[5] "When any person is convicted of two or more crimes, whether in the same . . . or in different proceedings . . ., the second or other subsequent judgment <u>upon which sentence is ordered to be executed</u> shall direct whether the terms of imprisonment . . . shall run concurrently or consecutively; . . ." (Underlined words highlight the 1978 amendment.)

Neither the relevant case law nor the legislative history behind the 1978 amendment sheds any light on why section 669 was amended to add the underlined portion quoted above. We therefore interpret the statute by applying certain accepted rules of statutory construction.

■ Courts must ascertain legislative intent so as to effectuate a law's purpose. (E.g., *Palos Verdes Faculty Assn.* v. *Palos Verdes Peninsula Unified Sch. Dist.* (1978) 21 Cal.3d 650, 658 [147 Cal.Rptr. 359, 580 P.2d 1155].) We must "ascertain and declare what is . . . contained therein, not to insert what has been omitted, or to omit what has been inserted; . . ." (Code Civ. Proc., § 1858.) If statutes are clear and unambiguous, the "plain meaning" rule applies. The Legislature is presumed to have meant what it said, and "[i]t is axiomatic that in the interpretation of a statute where the language is clear, its plain meaning should be followed." (*Great Lakes Properties, Inc.* v. *City of El Segundo* (1977) 19 Cal.3d 152, 155 [137 Cal.Rptr. 154, 561 P.2d 244].) However, a court should also keep in mind "the object in view, [and] the evils to be remedied, . . ." (*Cossack* v. *City of Los Angeles* (1974) 11 Cal.3d 726, 733 [114 Cal.Rptr. 460, 523 P.2d 260], quoting *Alford* v. *Pierno* (1972) 27 Cal.App.3d 682, 688 [104 Cal.Rptr. 110].) Moreover, when a statutory amendment concerns a material point, this indicates the Legislature intended to change the preexisting law. (E.g., *Clements* v. *T. R. Bechtel Co.* (1954) 43 Cal.2d 227, 232 [273 P.2d 5].)

The plain meaning of the amended statute requires that in both the first and second or subsequent proceedings the court must have sentenced the defendant and ordered that sentence be executed. As we have seen, prior to

---

[5]This section was amended in 1978, before defendant committed the crimes for which he was sentenced in this case. Prior to that amendment, section 669 in relevant part provided: "When any person is convicted of two or more crimes, whether in the same . . . or in different proceedings . . ., the second or other subsequent judgment shall direct whether the terms of imprisonment . . . shall run concurrently or [consecutively]." Under the old statute, a court rendering a second judgment admitting the defendant to probation could order a consecutive sentence only if the first court imposed sentence and suspended execution instead of suspending imposition of sentence. (*People* v. *Veasey* (1979) 98 Cal.App.3d 779, 787 [159 Cal.Rptr. 755].) Although that distinction was considered more formal than substantive, it was the law prior to January 1, 1979, the effective date of the 1978 amendment to section 669. (See *People* v. *Carter* (1977) 75 Cal.App.3d 865, 872-873 [142 Cal.Rptr. 517].)

the 1978 amendment of section 669 that was not true. If the first court suspended imposition of sentence and granted probation, the second court could not order a consecutive sentence. However, if the first court imposed sentence, stayed the execution and put the defendant on probation, the second court could impose a consecutive sentence. Courts reluctantly followed this rule. (See, e.g., *People* v. *Carter, supra,* 75 Cal.App.3d at pp. 872-873.)

■ We believe that by amending section 669 the Legislature intended to exclude from consecutive sentences those cases in which the defendant is on probation, is at the California Rehabilitation Center, or is otherwise not subject to imprisonment if the pronounced judgment is affirmed on appeal or otherwise becomes final. This interpretation avoids a restriction on consecutive sentences of a defendant released on bail pending appeal until two or more judgments sentencing that defendant to prison have been affirmed on appeal and sentence has been reimposed. That would be the effect of adopting defendant's argument that a sentence is not ordered to be executed if the court imposing that sentence allows the defendant to be released on bail pending decision on his appeal.

■ Here the Kings County Superior Court sentenced defendant and ordered the sentence executed. At that point, that sentence was a first judgment upon which sentence was ordered to be executed. The fact that defendant was later able to post bail pending appeal of that first judgment does not alter this result. The posting of bail simply delayed the time when defendant began to serve his properly imposed sentence.

Admittedly, it may appear anomalous to allow a second court to impose a sentence and order it to run consecutive to an earlier sentence which defendant is not then serving. However, we believe that is no more anomalous than allowing the second court to impose a consecutive sentence under identical circumstances with the sole exception that the defendant was unable to obtain his release on bail pending appeal. We see no practical or legal reason why defendants in both circumstances should not be treated the same. If the judgment in either case is reversed, the effect is precisely the same except that one defendant will have been imprisoned for a shorter period than the other. The one who has been free on bail can hardly complain about that result.

Defendant relies on *People* v. *Lister* (1984) 155 Cal.App.3d 132 [202 Cal.Rptr. 37] to support his position. That reliance is misplaced. In *Lister,* the appellate court refused to allow a consecutive sentence after it remanded for resentencing because to do so would result in a greater sentence than could *potentially* have been imposed originally and thus penalize defendant

for pursuing a successful appeal. In this case defendant's appeal will not have affected his potential sentence.

The judgment is affirmed.

Martin, Acting P. J., and Best, J., concurred.