[No. A061344. First Dist., Div. Three. Jan. 31, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
STEPHEN DOYLE TODD, Defendant and Appellant.

84

COUNSEL

Chris P. Andrian, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Stan M. Helfman and Mark S. Howell, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

WERDEGAR, J.—Defendant appeals from a judgment revoking probation and sentencing him to an aggregate term of five years in prison. He argues that when the Mendocino trial court revoked his probation and sentenced him, it violated Penal Code section 669[1] by ordering his San Diego County sentence to run consecutively to his Mendocino County sentence. We affirm.

FACTS AND PROCEDURE

In July 1990, defendant was charged with attempted murder (§§ 664, 187), terrorist threats (§ 422), and violation of civil rights (§ 422.6). He entered into a plea agreement whereby he pleaded guilty to assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(1)), in exchange for dismissal of all other pending charges and suspension of any state prison sentence. The superior court subsequently approved the plea agreement and

_____

[1]Unless otherwise indicated, all further statutory references are to the Penal Code.

sentenced defendant to the upper term of four years in prison; the court ordered the sentence suspended and placed defendant on five years' probation.

In July 1992, the Mendocino County Probation Department filed a petition to revoke defendant's probation on the grounds defendant had been arrested in San Diego County for violating Vehicle Code sections 10851 and 10751, subdivision (a), and Health and Safety Code section 11550. Probation was immediately revoked pending a hearing.

Defendant was thereafter convicted in San Diego County under Vehicle Code section 10851, subdivision (a) (taking a vehicle without the owner's consent) and received a two-year sentence. He was then brought before the Mendocino County court, which, after reviewing the San Diego abstract of judgment, revoked defendant's probation. The court imposed the previously stayed four-year term. The court then directed that the San Diego and Mendocino sentences would run consecutively. It designated the Mendocino case as the principal term (four years) and imposed one-third the midterm on the San Diego offense (one year), for an aggregate sentence of five years in prison.

## DISCUSSION

■ Defendant argues the Mendocino court was precluded by section 669, and the rule established in *In re Nafe* (1965) 237 Cal.App.2d 809 [47 Cal.Rptr. 457] and *People* v. *Carter* (1977) 75 Cal.App.3d 865 [142 Cal.Rptr. 517], from directing the terms to run consecutively. He asserts that only the court imposing the "second or subsequent judgment" may so direct, and here, the San Diego court was the court rendering the second sentence. He bases this conclusion on the assumption the original 1990 Mendocino sentence, whose execution was suspended, was the first sentence or judgment.

Currently section 669 provides: "When any person is convicted of two or more crimes, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same judge or by different judges, the second or other subsequent judgment upon which sentence is ordered to be executed shall direct whether the terms of imprisonment or any of them to which he or she is sentenced shall run concurrently or consecutively. . . ."

In *In re Nafe, supra,* the court held that when probation has been granted following suspension of *execution* of sentence, on revocation of probation

and execution of sentence, the revoking court cannot order its sentence to run consecutively to a sentence imposed during probation for a subsequent offense, reasoning the initially suspended sentence is the first judgment. (237 Cal.App.2d at p. 813; *People* v. *Carter, supra,* 75 Cal.App.3d at p. 872.) In so holding, the *Nafe* court distinguished cases in which the trial court grants probation after suspension of *imposition* of sentence, stating in these cases the above rule does not apply, because no judgment was rendered and thus the sentence imposed after revocation of probation is the second or subsequent judgment. (*In re Nafe, supra,* at p. 812.)[2]

As the People point out, however, and as defendant in his opening brief inexplicably failed to acknowledge, *Nafe* and *Carter* were decided under a previous version of section 669, before the phrase "upon which sentence is ordered to be executed" was added in 1978. (Stats. 1978, ch. 579, § 28, p. 1987.) Thus, the cases did not interpret section 669 as it currently reads. This point was addressed in *People* v. *Gray* (1986) 176 Cal.App.3d 520, 523-524 [222 Cal.Rptr. 29]: "The plain meaning of the amended statute requires that in both the first and second or subsequent proceedings the court must have sentenced the defendant *and ordered that sentence be executed.* As we have seen, prior to the 1978 amendment of section 669 that was not true. If the first court suspended imposition of sentence and granted probation, the second court could not order a consecutive sentence. However, if the first court imposed sentence, stayed the execution and put the defendant on probation, the second court could impose a consecutive sentence. Courts reluctantly followed this rule. [Citation.] [¶] We believe that by amending section 669 the Legislature intended to exclude from consecutive sentences those cases in which the defendant is on probation, is at the California Rehabilitation Center, or is otherwise not subject to imprisonment if the pronounced judgment is affirmed on appeal or otherwise becomes final." (Italics added.) We agree with the *Gray* court's conclusion that the plain meaning of the statute now does away with the distinction *Nafe* and *Carter* promulgated. Accordingly, we conclude the Mendocino County court properly imposed consecutive sentences pursuant to section 669.

■ Defendant alternatively argues that even assuming the above interpretation of section 669 is correct, once a court revokes probation the defendant's suspended sentence status is deemed vacated and the defendant is considered " 'sentenced to prison.' " Thus, defendant argues that because the Mendocino court revoked his probationary status prior to his conviction in San Diego County, the Mendocino County case became the first judgment upon which sentence was ordered to be executed.

---

[2]The distinction proposed in *In re Nafe, supra,* was reluctantly followed (*People* v. *Carter, supra,* 75 Cal.App.3d at pp. 872-873) and received some criticism. (*People.* v.·*Veasey* (1979) 98 Cal.App.3d 779, 787, fn. 4 [159 Cal.Rptr. 755].)

We disagree. Defendant presents no authority for this proposition, and the record indicates otherwise. When the petition to revoke probation was filed and the court ordered the revocation, it did so summarily, pending a hearing. Defendant's previous sentence was *not* ordered executed at that time, and a hearing was held to determine whether in fact defendant was in violation of his probation. Only after this determination was defendant's previous sentence ordered to be executed.

## DISPOSITION

The judgment is affirmed.

White, P. J., and Chin, J., concurred.