Filed 4/29/13  P. v. LaPierre CA

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY STANISLAUS LAPIERRE,<br><br>    Defendant and Appellant. | 2d Crim. No. B239304<br>(Super. Ct. No. CR30388)<br>(Ventura County) |

Anthony Stanislaus LaPierre appeals an order denying his motion to correct his state court sentence to run concurrently, rather than consecutively, to his federal sentence.[1]  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

LaPierre committed a series of armed bank robberies in Hawaii and California.  In April 1992, he suffered his first conviction for these crimes.  A state court in Hawaii sentenced him to 8 to 20 years in state prison for one robbery.

In May 1992, a federal district court in Hawaii sentenced LaPierre to over 27 years in federal prison for several other robberies, to run concurrently "with any

_____

[1] LaPierre asserts that the order is appealable as an order made after judgment affecting his substantial rights.  (Pen. Code, § 1237.)  The People do not contend otherwise.

sentence [LaPierre] is presently serving."  LaPierre was in state custody in Hawaii at the time.

In February 1993, the Ventura County Superior Court sentenced LaPierre to 20 years in state prison for several other robberies, to "run consecutive[ly] to any Federal time, and any time imposed in the State of Hawaii."

The Ninth Circuit vacated the original federal judgment and remanded it with directions.  In 1993, the federal district court reinstated the convictions and resentenced LaPierre to over 22 years in prison, again ordering the sentence "to run concurrently with any sentence [La Pierre] is presently serving."  LaPierre was still in state custody in Hawaii.  The district court judge requested that the judgment "reflect the same words as [he had] previously given with respect to concurrent as to any sentence which [LaPierre] may now be serving."

In 1994, we modified the California judgment and directed the trial court to correct the sentencing on the firearm enhancements.  The Ventura County Superior Court amended the abstract of judgment, again ordering that the sentence "run consecutive[ly] to any Federal time, and any time imposed in the State of Hawaii."

In 1998, the State of Hawaii released LaPierre on parole and he was transferred to the United States Bureau of Prisons to serve his federal term. In 2012, LaPierre filed a motion to correct the California judgment so that his state sentence would run concurrently to his federal sentence.  He argued that he should have been transferred in 1998 from Hawaii state custody to California state custody, where his federal sentence should have run concurrently.  He conceded that the California court originally had power to order his sentence to run consecutively to the federal sentence, but he argued that it lost that power when the federal sentence was vacated.  He argued that in April 2012, when his federal sentence was scheduled to conclude, he should have been released and not transferred to California state prison to commence his 20-year California term. The trial court denied the motion.

2

DISCUSSION

Penal Code section 669 authorizes a state court to direct that a term run consecutively to any prior judgment, including a federal judgment.[2] (*People v. Veasey* (1979) 98 Cal.App.3d 779, 787-788.) The state court was therefore authorized in its original 1993 judgment to order the California term to run consecutively to the original 1992 federal judgment, as LaPierre concedes.

The federal and California courts each resentenced LaPierre on remand, but the sequence of the judgments did not change. The federal court resentenced him in 1993, and the California court did so in 1994. Section 669 authorized the California court, in its 1994 amended abstract, to again direct that the California term run consecutively to the "prior" 1993 federal judgment on remand.

A federal judgment is "prior" to the state judgment for purposes of section 669 if it exists at the time of state resentencing on remand. (*People v. Lister* (1984) 155 Cal.App.3d 132, 134.) The federal court's 1993 judgment existed when the state court resentenced LaPierre on remand in 1994.

There is a limitation to the trial court's authority under section 669 on remand, but it does not apply here. The state "may not impose a greater sentence than could *potentially* have been imposed originally." (*People v. Lister*, *supra*, 155 Cal.App.3d at p. 134.) For example, in *Lister,* the defendant was first sentenced in state court. He appealed and, while his appeal was pending, suffered a judgment in federal court. The state court could not, on remand for resentencing, order that the term of imprisonment run consecutively to the new federal judgment because that federal judgment did not exist when the state court originally imposed a sentence. To hold otherwise would improperly "penalize the defendant for pursuing a successful appeal." (*Id.* at p. 135.)

Here, the California state trial court had power to impose a consecutive sentence in the original sentencing proceeding. It did so. On remand for resentencing, it

---

[2] All statutory references are to the Penal Code.

3

did so again, preserving the consecutive-sentence status quo. It did not impose a greater sentence than it could potentially have imposed originally and did not penalize LaPierre for exercising his right to appeal.

The outcome is not affected by the federal court's ambiguous 1993 order on remand that the federal term run concurrently "with any sentence [LaPierre] is presently serving." It is immaterial whether the federal court intended in 1993 to refer only to the Hawaii state judgment or also to the new California state judgment. The federal court's 1993 judgment was prior to the California state court's 1994 judgment, as reflected in the amended abstract. Section 669 therefore authorized the California trial court to order the California term to run consecutively to the federal judgment.

### DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P.J.


We concur:



YEGAN, J.



PERREN, J.


4

James P. Cloninger, Judge

Superior Court County of Ventura

_____

Law Offices of Richard G. Novack, Richard G. Novak, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Linda C. Johnson, Supervising Deputy Attorney General, Gary A. Lieberman, Deputy Attorney General, for Plaintiff and Respondent.