Filed 7/3/13 (opn. on rehearing)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY STANISLAUS LAPIERRE,<br><br>    Defendant and Appellant. | 2d Crim. No. B239304<br>(Super. Ct. No. CR30388)<br>(Ventura County) |

The California trial court sentences defendant to prison, the sentence to run consecutively to a federal sentence that was imposed previously. Thereafter, appeals in the federal and the state courts result in remands to the respective trial courts for resentencing. The sequence of judgments in the federal and state courts does not change, but the state appellate court reduces defendant's sentence. Under these circumstances, the power of the state trial court to impose a consecutive sentence does not change.

Anthony Stanislaus LaPierre appeals an order denying his motion to require the state court to order his sentence to be served concurrently to his federal sentence. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

LaPierre committed numerous armed bank robberies in Hawaii and California. In April 1992, he suffered his first conviction for these crimes when a state court in Hawaii sentenced him to 8 to 20 years in prison.

In May 1992, a federal district court in Hawaii sentenced LaPierre to more than 27 years in prison for several other robberies, to be served concurrently "with any sentence [LaPierre] is presently serving." LaPierre was then in state custody in Hawaii.

In February 1993, the Ventura County trial court sentenced LaPierre to 20 years in prison for other robberies, to "run consecutive[ly] to any Federal time, and any time imposed in the State of Hawaii."

Later that year, the Ninth Circuit Court of Appeals vacated the original federal judgment and remanded with directions. In 1993, the federal district court reinstated the convictions and resentenced LaPierre to more than 22 years in prison, again ordering the sentence "to run concurrently with any sentence [La Pierre] is presently serving." LaPierre remained in state custody in Hawaii. The district court judge ordered that the judgment "reflect the same words as [he had] previously given with respect to concurrent as to any sentence which [LaPierre] may now be serving."

In 1994, we modified the California judgment and directed the trial court to correct sentencing regarding the firearm enhancements. (*People v. LaPierre* (April 29, 2003, B239304) [nonpub. opn.].) The trial court amended the abstract of judgment, again ordering that sentence "run consecutive[ly] to any Federal time, and any time imposed in the State of Hawaii."

In 1998, Hawaii released LaPierre on parole and he was transferred to the United States Bureau of Prisons to serve his federal term. In 2012, LaPierre filed a motion to "correct" the California judgment so that his California sentence would be served concurrently with his federal sentence. He argued that he should have been transferred in 1998 from Hawaii state custody to California state custody, where his federal sentence would be served concurrently. He argued that in April 2012, when his federal sentence concluded, he should have been released and not transferred to California state prison to begin his 20-year term. The trial court denied the motion.

2

## DISCUSSION

Penal Code section 669 authorizes a trial court to direct that a term run consecutively to any prior judgment, including a federal judgment.[1] (*People v. Veasey* (1979) 98 Cal.App.3d 779, 787-788.) La Pierre concedes that in its original 1993 judgment, the state court could order the California term to run consecutively to the original 1992 federal judgment.

The federal and California trial courts each resentenced LaPierre after appeal, but the sequence of the judgments did not change. The federal court resentenced him in 1993, and the California court did so in 1994. Section 669 authorized the California court, in its 1994 amended abstract, to again direct that the California term run consecutively to the prior 1993 federal judgment on remand.

A federal judgment is "prior" to the state judgment for purposes of section 669 if it exists at the time of state resentencing following remand. (*People v. Lister* (1984) 155 Cal.App.3d 132, 134.) The federal court's 1993 judgment existed when the state court resentenced LaPierre following remand in 1994. Here, the authority of sentencing judge's discretion may not be compromised by the happenstance of an appeal of a federal conviction that occurred prior to the state conviction.

LaPierre argues that in 1994, we did not remand for resentencing, we merely modified the judgment, thereby changing the judgment sequence. This argument places form over substance. We modified the judgment and directed the trial court to "correct the abstract of judgment concerning the section 12022.5 enhancement to reflect a total of two years and eight months." LaPierre thus received a reduced sentence from the trial court as reflected in a corrected abstract of judgment. That the correction did not require the court to exercise discretion does not change anything for purposes of section 669. The federal court's 1993 judgment existed when the state trial court pronounced the reduced sentence.

---

[1] All statutory references are to the Penal Code.

LaPierre argues that if this is so, he had a right to be present for resentencing. (§ 1193; *Hays v. Arave* (9th Cir. 1992) 977 F.2d 475, 476, overruled in part in *Rice v. Wood* (9th Cir. 1996) 77 F.3d1138, 1144, fn. 8.) But when the trial court's correction of an abstract of judgment following modification on appeal requires no discretion, the defendant has no right to be present. His "presence would be useless." (*Snyder v. Massachusetts* (1934) 291 U.S. 97, 106-107.)

There is a limitation to the trial court's authority pursuant to section 669 on remand. The court "may not impose a greater sentence than could *potentially* have been imposed originally." (*People v. Lister*, *supra*, 155 Cal.App.3d at p. 134.) This limitation does not apply here. In *Lister,* the defendant was first sentenced in state court. He appealed and, while his appeal was pending, suffered a judgment in federal court. On remand for resentencing, the state court could not order the term of imprisonment to run consecutively to the new federal judgment because that federal judgment did not exist when the state court first imposed a sentence. To hold otherwise would improperly "penalize the defendant for pursuing a successful appeal." (*Id.* at p. 135.)

Here the California court had discretion to impose a consecutive sentence in the initial 1993 sentencing proceeding. It did so. On remand for resentencing, it did so again, preserving the status quo. It did not impose a greater sentence than originally imposed and did not penalize LaPierre for exercising his right to appeal. A defendant may not be punished for a successful appeal, as in *Lister*, but by the same token, he may not be rewarded with a windfall.

The outcome is not affected by the federal court's 1993 order on remand that the federal term run concurrently "with any sentence [LaPierre] is presently serving." It matters not that the federal court intended in 1993 to refer only to the Hawaii state judgment or any other judgment. The federal court's 1993 judgment was prior to the California court's 1994 subsequent judgment. Section 669 therefore authorized the California court to order the California term to run consecutively to the federal judgment.

4

DISPOSITION

The judgment is affirmed.

<u>CERTIFIED FOR PUBLICATION.</u>

GILBERT, P.J.

We concur:

YEGAN, J.

PERREN, J.

James P. Cloninger, Judge

Superior Court County of Ventura

_____


Law Offices of Richard G. Novack, Richard G. Novak, for Defendant and Appellant.


Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Linda C. Johnson, Supervising Deputy Attorney General, Gary A. Lieberman, Deputy Attorney General, for Plaintiff and Respondent.