Filed 7/26/21  In re Daly CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re JAMES SCOTT DALY<br><br>on<br><br>Habeas Corpus. | D078107<br><br>(San Diego County<br> Super. Ct. No. CR115942) |

ORIGINAL PROCEEDING in habeas corpus.  Petition denied.

Elizabeth A. Missakian, for Petitioner.

Xavier Becerra, Attorney General, Lance E. Winters and Phillip J. Lindsay, Assistant Attorneys General, Amanda J. Murray and Rachel A. Campbell, Deputy Attorneys General, for Respondent.

In 1990, a jury in federal court (Case No. 90-0701 GT) found Daly guilty of being a convict in possession of a firearm (18 U.S.C. §§ 922(g)(1), 924(e)(1)).  The court sentenced him to 500 months in federal prison.[1]

As set forth in our opinion in *People v. Daly* (1992) 8 Cal.App.4th 47, a state jury subsequently convicted Daly of kidnapping, robbery, attempted

---

[1]    The parties agree that in July 1991, Daly was sentenced to 322 months in prison on unrelated federal convictions (Case No. 90-0718 GT), to run concurrently with the state sentence and Case No. 90-0701 GT.

murder, and assault with a firearm on a police officer based on the same incidents. In 1991, the state court sentenced Daly to 38 years plus four life sentences, to run consecutively to the federal sentence. It awarded Daly credit for time served. Thereafter, appeals in the federal and the state courts resulted in remands to the respective trial courts for reduced prison terms and resentencing.

On appeal, this court subsequently concluded the evidence did not support the kidnapping charge but rather attempted kidnapping; accordingly, we reduced the determinate portion of state sentence to 37 years two months. (*People v. Daly, supra,* 8 Cal.App.4th at p. 60.) On remand, the state court in 1993 ordered that Daly be transferred to California Department of Corrections and Rehabilitation (CDCR) for him to start his state prison sentence, but that specific order was not carried out.

In 1996, the federal court ordered Daly's federal sentence to run concurrently with his state sentence. Daly finished serving that sentence in 2017, and thereafter was transferred to CDCR's custody on April 28, 2017, to begin his state sentence.

In October 2018, Daly filed a petition for writ of habeas corpus, contending that by not running his sentence terms concurrently, respondent CDCR as well as the United States Bureau of Prisons failed to properly exercise their authority. Daly thus sought to set aside the state court's consecutive sentence. He also sought an order that the state sentence run concurrently with the federal sentence imposed on July 15, 1996, contending that was needed in order to protect his constitutional rights to fundamental fairness, due process and equal protection. He claimed he received ineffective assistance of counsel at his 1996 federal sentencing hearing because his counsel did not move to transfer him to state custody after the federal

2

sentence was made concurrent in 1996. The superior court denied the petition.

Daly filed a writ petition in the California Supreme Court, which issued an order to show cause returnable to this court, limited to one issue: "[W]hy petitioner is not entitled to relief pursuant to Penal Code[2] sections 669 and 2900, *People v. LaPierre* (2013) 217 Cal.App.4th 884, and *People v. Lister* (1984) 155 Cal.App.3d 132."

Daly and respondents agree that as of July 15, 1996, the CDCR should have designated the Bureau of Prisons for service of his state sentence. However, the CDCR finally did so in February 2021, and therefore that portion of Daly's request for writ relief is moot. Daly additionally contends he should receive credit towards his state sentence for the federal detention period spanning his June 23, 1990 arrest until the July 15, 1996 imposition of concurrent terms. Respondent disagrees, arguing Daly's writ petition is untimely because as of July 15, 1996, the federal court had ordered concurrent sentences. Respondent further contends Daly's writ petition is moot because the CDCR already granted the relief he sought.

We conclude the superior court did not err in imposing the consecutive sentence and therefore Daly is not entitled to writ relief. We deny the petition.

## DISCUSSION

Daly contends that under section 669, he should receive state custody credits for the entire time he spent in federal prison, from 1990 until 2017. He contends that in imposing the consecutive sentence the state court "did not comport with the requirements of [section] 669, subdivision (b) which certainly contemplates the state court judge will have sufficient knowledge of

---

2    Undesignated statutory references are to the Penal Code.

3

the details and length of sentence of a prior judgment prior to making a meaningful determination of whether the state sentence should be consecutive or concurrent. There was nothing referenced at the hearing to support a finding that [the trial court] had such knowledge when he summarily imposed the state sentence to run consecutive to the federal sentence."

With no citation to case law or legal authority, Daly asserts: "When a state court is imposing a determinate term of 38 years to run consecutive to four life terms, and then runs that term 'consecutive' to a 500[-]month federal term, more is required in term[s] of due process and fundamental fairness. Given that failure, the term of imprisonment on the state the second or subsequent judgment [*sic*] should be ordered to run concurrent to the federal sentence."

We agree with parties that under section 2900, subdivision (b)(3),[3] CDCR should have designated the Bureau of Prisons as the place of reception on July 15, 1996, when Daly's federal sentence was ordered concurrent to his state sentence, so that his California state term could commence on that date. We agree with the parties that as CDCR has now remedied this issue and designated July 15, 1996, as Daly's term start date, this portion of Daly's claim for relief is moot.

---

[3]    Section 2900, subdivision (b)(3) provides: "In any case in which a person committed to the Director of Corrections is subsequently committed to a penal or correctional institution of another jurisdiction, the subsequent commitment is ordered to be served concurrently with the California commitment, the prisoner is placed in a penal or correctional institution of the other jurisdiction, and the prisoner is not received by the Director of Corrections pursuant to subdivision (a), the Director of Corrections shall designate the institution of the other jurisdiction as the place for reception and service of the California term."

4

We point out the federal court of appeal subsequently changed Daly's prison term from consecutive to concurrent but it did not alter the state court's sentence.  In any case, a federal court "cannot 'backdate' a federal sentence to make it concurrent with a prior term of state imprisonment; it can make a federal sentence concurrent only with a state sentence from the date of imposition forward." (*Schleining v. Thomas* (9th Cir. 2011) 642 F.3d 1242, 1248, fn. 8.)

Section 669 "authorizes a state court to direct that a term run consecutively to any prior judgment, including a federal judgment."  (*People v. Lister, supra,* 155 Cal.App.3d at p. 134.)[4]  We therefore reject Daly's claim he is entitled to state sentencing credit for the period encompassing his initial detention in 1990 until July 1996 when the federal court ordered his federal sentence to run concurrently with his state court sentence.  Before July 1996, Daly was serving properly imposed consecutive term sentences. (Accord, *People v. LaPierre, supra,* 217 Cal.App.4th at p. 887 ["Here, the authority of the sentencing judge's discretion may not be compromised by the

---

[4]     Section 669, subdivision (a) provides:  "When a person is convicted of two or more crimes, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same judge or by different judges, the second or other subsequent judgment upon which sentence is ordered to be executed shall direct whether the terms of imprisonment or any of them to which he or she is sentenced shall run concurrently or consecutively.  Life sentences, whether with or without the possibility of parole, may be imposed to run consecutively with one another, with any term imposed for applicable enhancements, or with any other term of imprisonment for a felony conviction.  Whenever a person is committed to prison on a life sentence which is ordered to run consecutive to any determinate term of imprisonment, the determinate term of imprisonment shall be served first and no part thereof shall be credited toward the person's eligibility for parole."

happenstance of an appeal of a federal conviction that occurred prior to the state conviction"].)

DISPOSITION

The petition for writ of habeas corpus is denied.


O'ROURKE, J.

WE CONCUR:


BENKE, Acting P. J.


HUFFMAN, J.

6