[No. F024560. Fifth Dist. Aug. 19, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
SHAWNTAY R. DAVIS, Defendant and Appellant.

**COUNSEL**

Eleanor M. Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Margaret Venturi and Alison Elle Aleman-Smith, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**VARTABEDIAN, J.**—We are called upon to interpret Penal Code section 667, the "three strikes" legislation, and determine if the trial court properly imposed a consecutive sentence under Penal Code section 667, subdivision (c)(8).[1]

### PROCEDURAL HISTORY

This case presents a legal issue which must be determined based only on the procedural circumstances involved; the facts underlying the convictions are not in issue and will not be discussed.

In April of 1993 defendant Shawntay Davis entered a nolo contendere plea to one count of auto theft in superior court case No. 17660A (hereafter the CRC case). In addition, she admitted that she had suffered numerous prior felony convictions. On June 3, 1993, the trial court denied probation and sentenced appellant to a six-year prison term, comprised of a three-year upper term plus three 1-year enhancement terms. The trial court then suspended the execution of the sentence to the California Department of Corrections and ordered defendant committed to the California Rehabilitation Center (CRC). She was placed on CRC parole on February 17, 1994.

---

[1] All future code references are to the Penal Code unless otherwise noted.

On February 28, 1995, defendant entered a nolo contendere plea to one count of grand theft in superior court case No. 19129 (hereafter the strike case). In addition, she admitted she had suffered a prior serious-felony conviction in 1986 for robbery, which qualified as a strike under section 667. She was sentenced on March 17, 1995, to the middle term of two years. This term was doubled to four years pursuant to section 667, subdivision (e)(1).

On September 14, 1995, the trial court terminated defendant's commitment to CRC and resumed criminal proceedings in the CRC case based on defendant's criminal conduct and prison commitment in the strike case. (Welf. & Inst. Code, § 3053.) The six-year term in the CRC case was executed. The court ordered that the sentences be served consecutively pursuant to section 667, subdivision (c)(8). (The court determined the term in the strike case was subordinate and reduced that term to one-third of four years.)

The trial court stated that it prescribed consecutive sentences because it felt it was required to do so under the three strikes legislation. If consecutive sentences were not mandated by three strikes, commented the court, it would have ordered concurrent sentences.

### DISCUSSION

The intent of the three strikes law is stated in section 667, subdivision (b), as follows: "(b) It is the intent of the Legislature in enacting subdivisions (b) to (i), inclusive, to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses."

Subdivision (e) of section 667 sets forth the terms of sentence which must be imposed. In addition, when calculating the term, the trial court must adhere to several mandatory sentencing rules. These rules are set forth in subdivision (c) of section 667. Subdivision (c) provides in pertinent part:

"(c) Notwithstanding any other law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior felony convictions as defined in subdivision (d), the court shall adhere to each of the following:

". . . . . . . . . . . . . . . . . . . . . . . . .

"(8) Any sentence imposed pursuant to subdivision (e) will be imposed consecutive to any other sentence which the defendant is already serving, unless otherwise provided by law."

"If the prosecution pleads and proves that a defendant qualifies for sentencing under the three strikes scheme [citation], the defendant must be sentenced pursuant to its provisions, even if he or she otherwise would qualify for sentencing under . . . some other sentencing statute. (§ 667, subd. (f)(1).)" *(People* v. *Jenkins* (1995) 10 Cal.4th 234, 238, fn. 2 [40 Cal.Rptr.2d 903, 893 P.2d 1224].)[2]

 Defendant claims the trial court erred in sentencing consecutively based on section 667, subdivision (c)(8), because she was not "already serving a sentence" in the CRC case when sentence was imposed in the strike case. When sentence was executed in the CRC case, defendant was already serving a sentence in the strike case. She argues that this order of execution of sentences does not require consecutive sentences under section 667, subdivision (c)(8).

The People contend the trial court had no discretion to order the sentences to be served concurrently and properly ordered consecutive sentences.

Our interpretation of this statute is guided by principles set forth in *People* v. *Jenkins, supra,* 10 Cal.4th at page 246: "Familiar canons of statutory construction require that, in construing a statute, a court ascertain the intent of the Legislature so as to effectuate the purpose of the law. In determining that intent, we consider the statute read as a whole, harmonizing the various elements by considering each clause and section in the context of the overall statutory framework. [Citations.] We must select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences. [Citation.]"

 What is encompassed within the phrase "any other sentence which the defendant is already serving" as that language is used in section 667, subdivision (c)(8)? Clearly a sentence imposed pursuant to section 667, subdivision (c)(8) must be served consecutively with another sentence previously imposed when the defendant is, at the time of sentencing under section 667, subdivision (c)(8), already incarcerated for a different offense, not the subject of the present sentencing procedure. The more difficult determination, as is presented here on first impression, is whether section 667, subdivision (c)(8) applies when: (1) the defendant has been sentenced in a previous proceeding; (2) at the time of the sentencing under section 667,

---

[2]Section 667, subdivision (f)(1) provides: "Notwithstanding any other law, subdivisions (b) to (i), inclusive, shall be applied in every case in which a defendant has a prior felony conviction as defined in subdivision (d). The prosecuting attorney shall plead and prove each prior felony conviction except as provided in paragraph (2)."

subdivision (c)(8), the defendant is on CRC parole subject to the previously imposed sentence, against which he will receive CRC custody credits; and (3) after sentence is imposed under section 667, defendant's CRC status is revoked and sentence is executed.

 Generally, section 669 provides in pertinent part: "When any person is convicted of two or more crimes, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same judge or by different judges, the second or other subsequent judgment upon which sentence is ordered to be executed shall direct whether the terms of imprisonment or any of them to which he or she is sentenced shall run concurrently or consecutively."

Under section 669 as applied to the facts here, the sentence in the strike case is the first sentence executed. The commitment in the CRC case is the first sentence imposed, but the second sentence executed. (*People* v. *Todd* (1994) 22 Cal.App.4th 82 [27 Cal.Rptr.2d 276].) Thus, under section 669, the trial court executing the second sentence normally has a choice to impose either concurrent or consecutive terms. We must determine whether section 667, subdivision (c)(8) eliminates the choice of concurrent terms under the circumstances described above. If a sentenced defendant during the suspension of his or her commitment to the California Department of Corrections for purposes of CRC participation falls within this statute's description of a person already serving a sentence, then the statute requires consecutive terms.

Nearly identical terminology, "serving a sentence," is used in section 1203.4, which empowers a sentencing court under certain circumstances to vacate a previous guilty plea after a defendant has fulfilled the conditions of probation for the entire term of probation. This section provides that if the court "determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if he or she is not then *serving a sentence* for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty; . . ." (§ 1203.4, italics added.)[3]

It would be absurd to say a person applying to a court for relief pursuant to section 1203.4 is immediately eligible for such relief where, after he has

---

[3]The term is used again in section 1203.4a: "(a) Every defendant convicted of a misdemeanor and not granted probation shall, at any time after the lapse of one year from the date of pronouncement of judgment, if he or she has fully complied with and performed the sentence of the court, *is not then serving a sentence for any offense* and is not under charge of commission of any crime and has, since the pronouncement of judgment, lived an honest and upright life and has conformed to and obeyed the laws of the land, be permitted by the court

commenced probation upon the offense for which he seeks relief, he has committed a new crime for which he is, at the time of his application, on CRC parole. In this context, a person "then serving a sentence" reasonably must include a CRC commitment continuing to be subject to a sentence already imposed. When is a CRC parolee no longer subject to such a sentence? Once CRC parole is successfully completed, the committing court is empowered to suspend further proceedings and order execution of the suspended sentence; the prison time imposed is then deemed to have been served in full. (Welf. & Inst. Code, § 3201, subd. (c).) At that point, the person is no longer subject to the sentence imposed.

This analysis of an earlier statutory use of the language in question demonstrates that the phrase "serving a sentence" has been used in a context encompassing situations broader than those in which a person is physically incarcerated at that moment. Returning to our interpretation of section 667, subdivision (c)(8), we contrast two examples which illustrate that the narrow interpretation asserted by defendant would cause differing sentencing standards dependent only on happenstance.

Take person A who has been sentenced to prison for four years, has had execution of sentence suspended, has been committed to CRC, and while on CRC parole commits a new crime which makes him eligible for sentencing under section 667; upon revocation of CRC parole,[4] the court would order the prior four-year prison term executed, and A would then become incarcerated on this sentence, assuming he lacks sufficient time credits to complete the term. If any time after this, no matter how brief, A is sentenced to a three-year term under section 667 for the new criminal behavior, then the section 667 three-year term mandatorily runs consecutively with the previously executed four-year term of imprisonment. There would be no choice involved and no question that concurrent sentences would not apply because A was clearly already serving a sentence when sentence was imposed under section 667.

Person B's case arises under the same basic scenario above except, similar to the present facts, the sentence under section 667 is the first sentence executed (a three-year term in this example); thereafter CRC parole is

to withdraw his or her plea of guilty or nolo contendere and enter a plea of not guilty; . . ." (Italics added.)

[4]Welfare and Institutions Code section 3053, subdivision (a) provides: "If at any time following receipt at the facility of a person committed pursuant to this article, the Director of Corrections concludes that the person, because of excessive criminality or for other relevant reason, is not a fit subject for confinement or treatment in such narcotic detention, treatment and rehabilitation facility, he shall return the person to the court in which the case originated for such further proceedings on the criminal charges as that court may deem warranted."

revoked[5] and the previously suspended four-year sentence is executed under section 669. Utilizing defendant's argument, the trial court would have a choice between running the two terms concurrently or consecutively; section 667, subdivision (c)(8) would not apply because defendant is not already serving a sentence.

Comparing these examples, we find that person A would receive mandatory consecutive sentences for the identical conduct for which person B would be eligible for concurrent sentences, assuming defendant's statutory interpretation.

 Another matter for comparison is between those committed to CRC versus those directly sent to state prison. Although it has been held repeatedly, in other contexts, that the state has a compelling interest in the treatment of drug addiction and this interest justifies treating CRC inmates differently (see *In re Lopez* (1986) 181 Cal.App.3d 836 [226 Cal.Rptr. 710]), the Legislature is clear in section 667 that it does not intend persons committed to CRC to be treated differently from other recidivist offenders. For example, recidivist offenders sentenced under section 667 are not to be committed to CRC (§ 667, subd. (c)(4)) and a prior serious felony resulting in a CRC commitment is treated the same as any other prior serious felony resulting in a different disposition (§ 667, subd. (d)(1)(D)). It is not likely that the Legislature sought to treat those committed to CRC differently in section 667, subdivision (c)(8), yet treat them equally in the rest of section 667.

 The intent of the three strikes legislation is clear: to "ensure longer prison sentences and greater punishment for those who commit a felony and have previously been convicted of serious and/or violent felony offenses." (§ 667, subd. (b).) An overly narrow construction of "any other sentence which the defendant is already serving" would not uniformly promote the general purpose of the statute and would lead to absurd and disparate consequences as described above. We find that "any other sentence which

---

[5]Welfare and Institutions Code section 3053, subdivision (b) provides: "A person committed pursuant to this article who is subsequently committed to the Director of Corrections pursuant to Section 1168 or 1170 of the Penal Code shall not be a fit subject for treatment pursuant to this article. The court committing the person to the Director of Corrections pursuant to Section 1168 or 1170 of the Penal Code shall immediately notify the court which originally committed the person pursuant to this article. Upon receipt of such person committed pursuant to Section 1168 or 1170 of the Penal Code or upon notification of such commitment, whichever is sooner, the Director of Corrections shall notify the court which committed the person pursuant to this article of such subsequent commitment. Upon receipt of notification of such subsequent commitment the court which had committed the person pursuant to this article shall automatically terminate the commitment and shall promptly set for hearing the matter of further proceedings on the criminal charges."

the defendant is already serving" includes a sentence previously imposed and not yet fulfilled, which has been suspended for a CRC commitment, and is subsequently executed. Consequently, the trial court here correctly ordered mandatory consecutive sentences.

## DISPOSITION

The judgment is affirmed.

Stone (W. A.), Acting P. J., and Thaxter, J., concurred.

A petition for a rehearing was denied August 28, 1996.