Filed 4/5/16  P. v. Harrell CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063802 |
| v. | (Super.Ct.No. FVA015324) |
| RONNIE KEITH HARRELL, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Gregory S. Tavill, Judge.  Affirmed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Scott C. Taylor and Kristen Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

Pursuant to a plea agreement, defendant and appellant Ronnie Keith Harrell pled guilty to home invasion robbery. (Pen. Code,[1] § 212.5.) He also admitted that he had one prior strike conviction (§§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i)) and that he personally used a firearm (§ 12022.53, subd. (b)). Pursuant to the plea agreement, the court sentenced defendant to 28 years in state prison. However, since his agreement included a *Vargas*[2] waiver, execution of the sentence was stayed, and defendant was released from custody pending a further sentencing hearing. Defendant failed to appear for the sentencing hearing. He was subsequently convicted of federal drug charges in Hawaii and incarcerated in federal prison for over eight years. After completing his federal sentence and being released, he appeared in court in the instant case. The court found that defendant was in violation of the terms of his *Vargas* waiver and that he was not entitled to concurrent sentencing. It then sentenced him to the previously imposed term of 28 years in state prison.

On appeal, defendant argues that remand is required to enable the court to exercise its discretion whether to run the sentence in the instant case concurrent to the sentence in the federal case. We affirm.

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

[2] *People v. Vargas* (1990) 223 Cal.App.3d 1107 (*Vargas*).

On June 15, 2001, defendant and his cohort forced their way inside the victim's home. Once inside, defendant's cohort allegedly pistol-whipped the victim and pointed a gun at him; defendant tied his hands and feet with duct tape. They demanded to know where the victim's safe and money were located. He hopped over to the safe and somehow opened it for them. They grabbed a bag from the safe and ran out of the house.

On June 20, 2002, defendant entered a plea agreement and pled guilty to home invasion robbery. (§ 212.5.) He also admitted that he had one prior strike conviction (§§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i)) and that he personally used a firearm (§ 12022.53, subd. (b)). The agreement included a *Vargas* waiver. Pursuant to the plea agreement, the court would sentence defendant to 28 years in state prison. However, under the *Vargas* waiver, if he did not violate any laws and appeared for sentencing on August 30, 2002, he would be resentenced to 16 years in state prison. If he failed to meet the conditions, his 28-year sentence would remain. Defendant failed to appear on August 30, 2002.

On October 22, 2003, defendant was indicted in a federal case on one charge of conspiracy to distribute and possess methamphetamine. On April 13, 2004, the San Bernardino County Sheriff's Department (the sheriff's department) placed a detainer on defendant with the Honolulu Federal Prison.

---

[3] The facts of the case are not relevant to the issue on appeal, and the factual basis for defendant's plea is not included in the appellate record. Thus, this brief factual background is taken from the People's opposition to suppress defendant's confession.

On November 14, 2005, defendant pled guilty to conspiracy to distribute and possess methamphetamine, and a federal court sentenced him to a total term of 150 months. Defendant's federal prison term commitment began on February 22, 2006. He completed his sentence on October 9, 2014, receiving credit for time served.

On October 30, 2014, defendant appeared before the trial court in the instant case. The matter was continued.

On February 25, 2015, defendant filed a sentencing memorandum, arguing that he was entitled to custody credit from the time the detainer was issued by the sheriff's department to the time he was released from federal custody.

The People filed a response to defendant's sentencing memorandum, arguing that defendant's federal proceeding was wholly unrelated to the instant case, and, thus, he should not receive custody credit for any time served in federal custody.

At an ex parte hearing on March 6, 2015, the court referred the matter to the probation department for sentencing recommendations and an analysis as to whether defendant should be sentenced concurrently or consecutively to the time served in federal custody. The probation department filed a sentencing memorandum, stating that defendant was not entitled to receive concurrent time because there was no section 1381[4]

---

[4] Section 1381 governs the right of California prisoners to be brought to trial on pending charges within 90 days of request, and its companion statute, section 1381.5, provides federal prisoners with an analogous 90-day right. (*People v. Vila* (1984) 162 Cal.App.3d 76, 81.) Section 1381.5 requires a prisoner to request that he be brought to trial. (§ 1381.5.)

demand in the record, and because "the credits were already applied to his federal prison case" and he was serving that sentence up until October 19, 2014.

The court held a hearing on June 5, 2015, and found that defendant's failure to appear on August 30, 2002, was willful. It also noted that his federal case came after that date. Thus, the court found defendant in violation of his *Vargas* waiver. It further found that he was not entitled to concurrent sentencing, but rather consecutive sentencing. The court sentenced him to the previously imposed 28 years in state prison, with 592 custody credits.

ANALYSIS

Section 669 Does Not Give the Trial Court Authority to Impose a Sentence Concurrent to

an Already Completed Sentence

Defendant claims that, pursuant to section 669, the trial court had the discretion to run his sentence in the instant case concurrent to the sentence in his federal case. He contends that the court failed to exercise its discretion, and remand is now required to enable the court to exercise discretion on whether to impose a concurrent sentence. We disagree.

Section 669, subdivision (a), provides, in relevant part: "When a person is convicted of two or more crimes, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same judge or by different judges, the second or other subsequent judgment upon which sentence is ordered to be executed shall direct whether the terms of imprisonment or any of them to which he or she is sentenced shall run concurrently or consecutively." Thus, under

5

section 669, the trial court executing the second sentence has a choice to impose either concurrent or consecutive terms.  (*People v. Davis* (1996) 48 Cal.App.4th 1105, 1110.)

Defendant argues that when the court here sentenced him, it did not exercise any discretion as to whether to impose his sentence concurrent to his federal sentence.  Rather, it merely stated that he was not entitled to concurrent sentencing.  However, the trial court correctly concluded that defendant was not entitled to concurrent sentencing.  Concurrent sentences are defined as sentences that "run together during the time that the periods overlap."  (*In re Roberts* (1953) 40 Cal.2d 745, 749.)  "[A] concurrent new term 'overlaps' the prior term to the extent service of the earlier sentence is not complete on the day the new term is imposed."  (*People v. Bruner* (1995) 9 Cal.4th 1178, 1182, fn. 3.)  Thus, "Section 669 allows a subsequently executed sentence to be run concurrent to an earlier imposed term only to the extent the earlier imposed sentence has not been completed at the time the subsequent sentence is commenced."  (*People v. Ross* (1985) 165 Cal.App.3d 368, 374, fn. 4.)  Here, defendant's state sentence was suspended, and he completed his federal sentence *before* the state sentence was actually executed.  Because he appeared for sentencing on his state conviction after he had already *completed* his federal sentence, there was no prior incomplete term upon which the trial court could impose a concurrent term.  Thus, the court properly found that defendant could not be sentenced concurrently.

Defendant concedes that courts have interpreted section 669 as being limited in its application to a subsequently imposed sentence being run concurrent to an earlier imposed sentence that has not yet been completed.  Nonetheless, he argues that "the trial

6

court [had] the discretion to impose the 28-year state sentence concurrent to the already served federal sentence." Given the plain definition of concurrent sentences, defendant's contention is simply illogical. (See *In re Roberts*, *supra*, 40 Cal.2d at p. 749 [Concurrent sentences "run together during the time that the periods overlap."].)

Ultimately, because defendant had already completed his federal sentence by the time the court imposed his sentence in the current case, the sentences could not overlap, and the trial court could not have ordered the sentences to run concurrently. Thus, the trial court properly sentenced defendant, and no remand is required.

<u>DISPOSITION</u>

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST

J.

We concur:

RAMIREZ

P. J.

McKINSTER

J.

7