Filed 8/26/19

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>MANUEL GONZALEZ,<br><br>　　Defendant and Appellant. | D074500<br><br><br>(Super. Ct. Nos. SCD264477,<br>SCD268503, SCD276083) |

APPEAL from a judgment of the Superior Court of San Diego County,

Timothy R. Walsh, Judge.  Affirmed in part and reversed in part.

Pauline E. Villanueva, under appointment by the Court of Appeal, for Defendant

and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney

General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Andrew

Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

In this case, we are called upon to determine the meaning of the phrase "already serving" as used in former Penal Code[1] section 667,[2] subdivision (c)(8) and its impact on a trial court to exercise discretion in applying consecutive or concurrent sentences when a defendant is held in jail prior to being transported to state prison.

After violating probation in two cases, defendant Manuel Gonzalez was sentenced to state prison. While in jail and prior to being transported to state prison, Gonzalez was charged with an additional crime to which he pleaded guilty. At sentencing on the later case, the trial court recalled the two probation violation sentences and, pursuant to the "Three Strikes" law, sentenced Gonzalez consecutively on the three cases.

On appeal, Gonzalez contends the trial court erred when it refused to consider applying, under former section 667, subdivision (c)(8), concurrent sentences to his probation violation cases. He further contends, and the Attorney General agrees, that the matter must be remanded for resentencing pursuant to the newly amended section 1385, which gives the trial court discretion whether to strike his prior conviction enhancement. (§ 667, subd. (a)(1).)

As we explain, we conclude the court properly sentenced Gonzalez to consecutive sentences under section 667, subdivision (c)(8). We further conclude the case should be

---

[1]     All further statutory references are to the Penal Code.

[2]     The Legislature amended section 667 effective January 1, 2019. (See Stats. 2018, ch. 423 (Sen. Bill No. 1494), § 64, eff. Jan. 1, 2019; Stats. 2018, ch. 1013 (Sen. Bill No. 1393, § 1, eff. Jan. 1, 2019.) This amendment does not affect our analysis in this case.

remanded solely for the resentencing of Gonzalez in light of section 1385. In all other respects, the judgment is affirmed.

BACKGROUND AND PROCEDURAL FACTS

Between 2015 and 2018, Gonzalez was charged with and pleaded guilty to three cases important to the decision in this appeal.

Case No. SCD264477

Gonzalez was charged with and pleaded guilty to unlawful possession of firearms (§ 29815).

Case No. SCD268503

Gonzalez was charged with and pleaded guilty to carjacking (§ 215, subd. (a)). This resulted in a violent strike. The trial court granted formal probation with the understanding he would be released to a residential rehabilitation facility after serving 365 days in local custody.

Case No. SCD276083

Gonzalez was charged with and pleaded guilty to first degree robbery (§ 211).

In 2016, Gonzalez pleaded guilty in case No. SCD264477, to unlawful possession of a firearm (§ 29815). He was granted formal probation later that year. In 2017, Gonzalez pleaded guilty in case No. SCD268503 and again was granted formal probation. On January 2, 2018, Gonzalez was found in violation of probation in both cases, his probation was revoked, and a bench warrant was issued for his arrest.

On February 1, 2018, Gonzalez was arrested and placed in custody for violating his probation orders. On March 16, 2018, Gonzalez admitted to the probation violation

3

and was sentenced to the low term of three years in state prison in case No. SCD268503, plus eight months in case No. SCD264477 (together, probation violation cases).

On March 23, 2018, Gonzalez was charged in a third case, No. SCD276083. He pleaded guilty to first degree robbery (§ 211) and admitted the strike and serious felony enhancement allegations. Gonzalez agreed to a stipulated sentence of nine years, comprised of the low term of two years doubled, pursuant to the Three Strikes law, plus five years for the prior serious felony enhancement.

On August 8, 2018, the trial court recalled Gonzalez's sentences in the probation violation cases. At that time, Gonzalez was sentenced to 11 years four months in state prison. The sentence was comprised of nine years in case No. SCD276083, to be served consecutive with one year eight months for case No. SCD268503, plus eight months for case No. SCD264477.

Gonzalez filed a timely notice of appeal.

DISCUSSION

I

SENTENCING UNDER SECTION 667, SUBDIVISION (c)(8)

The issue in this case is whether Gonzalez was "already serving" his sentence under section 667, subdivision (c)(8) for probation violations in case Nos. SCD268503 and SCD264477 when he was sentenced in case No. SCD276083. Specifically, Gonzalez argues the court erred in ruling it did not have discretion to sentence him concurrently because he was in county jail and not yet serving time in state prison. He, therefore,

4

argues he was not "already serving" a sentence under subdivision (c)(8) of former section 667.

The People argue Gonzalez was "already serving" a sentence in the instant case because he was already in the custody of the sheriff at county jail and, thus, was "committed to the Department of Corrections and Rehabilitation" at the time of sentencing in this case. We agree with the People.

The construction and interpretation of a statute is a question of law that we consider de novo on appeal. (*Burden v. Snowden* (1992) 2 Cal.4th 556, 562.) "As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose. [Citation.] We begin by examining the statute's words, giving them a plain and commonsense meaning. [Citation.] We do not, however, consider the statutory language 'in isolation.' [Citation.] Rather, we look to 'the entire substance of the statute . . . in order to determine the scope and purpose of the provision . . . . [Citation.]' [Citation.] That is, we construe the words in question ' "in context, keeping in mind the nature and obvious purpose of the statute . . . ." [Citation.]' [Citation.] We must harmonize 'the various parts of a statutory enactment . . . by considering the particular clause or section in the context of the statutory framework as a whole.' [Citations.]" (*People v. Murphy* (2001) 25 Cal.4th 136, 142.)

The version of section 667, subdivision (c) applicable to Gonzalez provided: "Notwithstanding any other law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior serious and/or

5

violent felony convictions as defined in subdivision (d), the court shall adhere to each of the following: [¶] . . . (8) Any sentence imposed pursuant to subdivision (e) will be imposed consecutive to any other sentence which the defendant is *already serving*, unless otherwise provided by law." (*Ibid.*, italics added.)

Moreover, adopting the interpretation of "already serving" proposed by Gonzalez would undermine the legislative intent of section 667, subdivision (b): "It is the intent of the Legislature . . . to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of one or more serious or violent felony offenses." To conclude that Gonzalez was not already serving his sentence on the probation violations merely because he was in the custody of the county sheriff rather than the Department of Corrections and Rehabilitation would be contrary to the purpose of the Three Strikes law. Gonzalez was in the custody of the sheriff because he was awaiting trial in the instant case and would have otherwise been in state prison on his probation violations at the time of his sentencing hearing in this case. (See *People v. Davis* (1996) 48 Cal.App.4th 1105, 1112-1113 (*Davis*).)

Two cases that have considered the meaning of "already serving" as it is used in former section 667, subdivision (c)(8) inform our analysis in the instant case. In *People v. Rosbury* (1997) 15 Cal.4th 206, 208 (*Rosbury*), the defendant was on probation for a robbery when he was convicted of attempted second degree robbery. His probation was revoked at the same time that he was sentenced on his second crime. (*Id.* at p. 209.) The court found that probation was not tantamount to serving a sentence as the phrase is used in section 667, subdivision (c)(8). The court thus held that the defendant "did not

6

begin to serve his sentence before he was committed to the sheriff's custody . . . ."
(*Rosbury*, at p. 211.)

In *Davis*, the court sentenced defendant to a six-year prison term, suspended execution of the sentence, and committed her to the California Rehabilitation Center (CRC). (*Davis*, *supra*, 48 Cal.App.4th at p. 1107.) In a later case, defendant was sentenced to four years in state prison. (*Id.* at p. 1108.) The court terminated the CRC commitment and resumed criminal proceedings in the CRC case. (*Ibid.*) The prison term in the CRC case was executed, and the court ordered the sentences for the two cases to be served consecutively under section 667, subdivision (c)(8). (*Davis*, at p. 1108.)

The *Davis* court concluded that the term "serving a sentence" is not equal to physical incarceration, noting, "The phrase 'serving a sentence' has been used in a context encompassing situations broader than those in which a person is physically incarcerated at that moment." (*Davis*, *supra*, 48 Cal.App.4th at p. 1111.) In reaching this conclusion, the *Davis* court relied on the intent of the Three Strikes law, which " 'ensure[s] longer prison sentences and greater punishment for those who commit a felony and have previously been convicted of serious and/or violent felony offenses.' " (*Id.* at p. 1112, quoting former § 667, subd. (b).) The court recognized that an overly-narrow construction of this statute would not promote the purpose of the Three Strikes law. (*Ibid.*)

Together, *Rosbury* and *Davis* require that the phrase "already serving" must be interpreted broadly to effectuate the purpose of the Three Strikes law but must be limited to apply only after a defendant has been delivered to the custody of the sheriff.

7

Turning to the instant case, we conclude the words "already serving" in subdivision (c)(8) of former section 667 are unambiguous and mean a defendant must be sentenced consecutively when the defendant is "committed to the custody of the sheriff" no matter the location of that custody (i.e., county jail), when the defendant is remanded to that custody prior to sentencing on the later case. The record shows Gonzalez was incarcerated because he was charged and pleaded guilty to probation violations and was serving a prison sentence, even though he was temporarily housed in county jail. Under the reasoning of *Rosbury* and *Davis*, these facts are sufficient to find that Gonzalez was already serving his sentence within the meaning of section 667, subdivision (c)(8). We conclude the court properly determined it had no discretion to sentence defendant to concurrent sentences under this former statute.[3]

Our conclusion is further supported by the Supreme Court in *People v. Buckhalter* (2001) 26 Cal.4th 20 (*Buckhalter*). There, the court considered the consequence of housing a state prisoner in county jail during the pendency of court proceedings, so the inmate could appear in court. (*Id.* at pp. 22-23.) The defendant argued that he was entitled to presentence credits for good behavior during the time he spent in county jail. (*Ibid.*) The court rejected the defendant's argument, concluding that a convicted felon who has been delivered to prison remains imprisoned "even while temporarily confined away from prison" to permit his appearance in other proceedings. (*Id.* at p. 23.) The court reasoned that the prisoner who is "temporarily away from prison to permit court

_____

3      As the People point out, but for the proceedings in case No. SCD276083, Gonzalez would have been in state prison.

8

appearances" remains in the constructive custody of the Department of Corrections and Rehabilitation. (*Id.* at p. 33.)

As noted, the only reason Gonzalez was not immediately delivered to the Department of Corrections and Rehabilitation was that he was awaiting trial in case No. SCD276083. Gonzalez had not yet been delivered to state prison; he nonetheless was in the custody of the sheriff to permit court appearances. Just as the convicted felon in *Buckhalter* was housed in jail awaiting resentencing, Gonzalez here was housed in jail awaiting trial, and was "already serving" his sentence within the meaning of subdivision (c)(8) of former section 667 in the probation violation cases.

Gonzalez also argues that he was not in the custody of the Department of Corrections and Rehabilitation and therefore was not serving his sentence. He relies on section 2900, subdivision (a), which provides that "[t]he term of imprisonment fixed by the judgment in a criminal action commences to run only upon the actual delivery of the defendant into the custody of the Director of Corrections at the place designated by the Director of Corrections . . . ."

We are unpersuaded. Section 2900 concerns the commencement of a "term of imprisonment" and is in a chapter regarding custody credits. As the People correctly recognize, section 2900 is not incorporated into former section 667, subdivision (c)(8).

Finally, our conclusion in the instant case is consistent with California Rules of Court, rule 4.435. This rule concerns revocation of probation and provides that "[i]f the execution of sentence was previously suspended, the judge *must* order that the judgment previously pronounced be in full force and effect and that the defendant be committed to

9

the custody of the Secretary of the Department of Corrections and Rehabilitation or local county correctional administrator or sheriff for the term prescribed in that judgment." (Cal. Rules of Court, rule 4.435(b)(2), italics added.)  Under this rule, the only available course of action where, as in this case, a sentence was previously suspended and probation is revoked is to deliver the defendant to the Director of Corrections and Rehabilitation.  We thus reject this claim of error.

II

SENATE BILL NO. 1393

Under the law as it was in effect at the time of sentencing in case No. SCD276083, a trial court lacked the discretion to strike a serious felony prior conviction in the interest of justice under section 1385.  (*People v. Valencia* (1989) 207 Cal.App.3d 1042, 1045-1047.)  Senate Bill No. 1393, effective January 1, 2019, amended section 1385 to permit trial courts to strike serious felony prior convictions in the interest of justice.

In *People v. Garcia* (2018) 28 Cal.App.5th 961, 971-974, Division Two of this court held that Senate Bill No. 1393 is retroactive to cases not final on appeal as of the effective date of Senate Bill No. 1393.  Both parties to this appeal agree with the decision in *Garcia* and urge us to remand the case for resentencing.

" '[W]hen the record shows that the trial court proceeded with sentencing on the . . . assumption it lacked discretion, remand is necessary so that the trial court may have the opportunity to exercise its sentencing discretion at a new sentencing hearing.' " (*People v. McDaniels* (2018) 22 Cal.App.5th 420, 425.)  Gonzalez and the People agree,

as do we, that remand is warranted to permit the trial court to exercise its discretion whether to strike the prior serious felony enhancement.

DISPOSITION

The matter is remanded to the trial court with directions to conduct a resentencing hearing to permit Gonzalez to bring a motion under section 1385 to strike the serious felony prior conviction.  The court shall exercise its discretion as it deems appropriate.  If the court grants the motion, it shall resentence accordingly and forward the amended abstract of judgment to the Department of Corrections and Rehabilitation.  If the court denies the motion, it shall reinstate its previous sentence. We express no opinion regarding how the court should rule on the motion.  In all other respects, the judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


IRION, J.


GUERRERO, J.

11