Filed 8/10/20

CERTIFIED FOR PUBLICATION


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO


| | |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | E072119 |
| v. | (Super.Ct.No. RIF1102757) |
| RICHARD ABEL MIRMON, | OPINION |
|     Defendant and Appellant. | |


APPEAL from the Superior Court of Riverside County. Bernard Schwartz, Judge. Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and A. Natasha Cortina, Deputy Attorneys General, for Plaintiff and Respondent.

**FACTUAL AND PROCEDURAL HISTORY**

A.    PROCEDURAL HISTORY

In April 2010, a trial court sentenced defendant and appellant Richard Abel Mirmon to 12 years in prison for attempted first degree burglary in Los Angeles County case No. KA088576 (Los Angeles Case).

On June 27, 2011, in Riverside case No. RIF1102757 (Riverside Case), an information charged defendant with conspiracy to bring a controlled substance into prison under Penal Code[1] section 182, subdivision (a)(1) (count 1); bringing a controlled substance into prison under Penal Code section 4573 (count 2); possession of heroin under Health and Safety Code section 11351 (count 3); and possession of methamphetamine under Health and Safety Code section 11378 (count 4).  The information also alleged that defendant had a prison prior under Penal Code section 667.5, subdivision (b), and two strike priors under Penal Code section 667, subdivisions (c) through (e).

As charged in the information, defendant faced:  (1) 101 years to life in prison with two strikes; or (2) 14 years four months with one strike.  Pursuant to a plea agreement, on September 6, 2011, defendant pled guilty to all four counts in exchange for a sentence of eight years four months.

On December 2, 2011, the trial court dismissed one of defendant's two strikes and imposed the agreed-upon sentence of eight years four months.  The court made no

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

reference to defendant's Los Angeles case, but stated that the sentence was to be served concurrent with any other sentences defendant was serving.

On June 11, 2018, defendant filed a petition under Proposition 47 to reduce counts 3 and 4 in the Riverside Case to misdemeanor convictions. The California Department of Corrections and Rehabilitation (CDCR) filed a letter with the Riverside County Superior Court on June 22, 2018. In the letter, CDCR stated that section 667, subdivision (c)(8), mandated consecutive, not concurrent, sentences for defendant in the Los Angeles and Riverside cases. On June 22, 2018, defendant filed a motion to dismiss the charges.

On September 7, 2018, the trial court held a hearing. The court denied defendant's petition to reduce counts 3 and 4 to misdemeanor convictions. The court then clarified its order on defendant's sentence in the Riverside Case and ordered that the sentences in the two cases be served consecutively.

On November 4, 2018, defendant placed a notice of appeal in the prison mail; it was filed on November 8, 2018.

B.     FACTUAL HISTORY[2]

During 2011, while defendant was an inmate at the California Rehabilitation Center in Norco, he and his wife conspired to smuggle both heroin and methamphetamine to him in prison. Based on an anonymous tip, correctional officers detained and searched defendant's wife when she arrived to visit defendant. The officers found three bindles of heroin and five bindles of methamphetamine on defendant's wife.

---

[2]  The facts are taken from the probation report because defendant pled guilty.

A search of defendant revealed fresh needle marks on his arms.  A search of defendant's bunk area produced a cellular telephone and pay/owe sheets; these sheets are commonly used to track drug transactions.

**DISCUSSION**

A.      <u>THE TRIAL COURT HAD NO DISCRETION TO SENTENCE</u>

       <u>DEFENDANT TO A CONCURRENT TERM</u>

On appeal, defendant contends that "the trial court erred by changing the sentence for case number RIF 1102757 to a consecutive term."  The People argue that the trial court "had authority to clarify the ambiguity in its original oral pronouncement of judgment in order to accurately reflect [defendant's] original sentence."  (Boldface and caps. omitted.)  We need not address whether there was ambiguity in the original oral pronouncement because the court's concurrent sentencing was unauthorized under the law.  As defendant has noted, a "legally unauthorized sentence is subject to correction at any time.  (*People v. Scott* (1994) 9 Cal.4th 331, 354.)"

The "Three Strikes" law, under which defendant was sentenced, provides: "(c) Notwithstanding any other law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior felony convictions as defined in subdivision (d), the court shall adhere to each of the following:  [¶] . . . [¶] (8) Any sentence imposed pursuant to subdivision (e) will be imposed consecutive to any other sentence which the defendant is already serving, unless otherwise provided by law." (§ 667, subd. (c)(8).)  Under the Three Strikes law, the trial court "must adhere to several mandatory sentencing rules."  (*People v. Davis* (1996) 48 Cal.App.4th 1105, 1108.)

Defendant contends that the last phrase of section 667, subdivision (c)(8), "unless otherwise provided by law," gave the trial court discretion to run the sentences concurrently under section 1170.1, subdivision (c). Therefore, defendant argues that the trial court's original concurrent sentencing was authorized under the law. In support of its position, defendant relies on the decision of the Fifth Appellate District in *People v. Arant* (1998) 199 Cal.App.3d 294. In *Arant*, the defendant pled no contest to a charge of possessing drug paraphernalia in prison, in violation of section 4573.6. (*Id.* at p. 296.) The trial court concluded that it had no choice but to sentence the defendant to a term to be served consecutively to his existing prison term, and so sentenced the defendant. (*Ibid.*) On appeal, the reviewing court concluded the language of section 1170.1, subdivision (c), is ambiguous with respect to a sentencing court's discretion to impose a sentence to run concurrently to the sentence the prisoner was already serving, and construed the statute in favor of such discretion. (*Id.* at pp. 297-298.) In so doing, the court disapproved of its prior decision in *People v. Lamont* (1986) 177 Cal.App.4th 577, in which the appellate court had previously held a sentencing court had no discretion under section 1170.1, subdivision (c), to impose a concurrent sentence for in-prison crimes. (*Arant*, at p. 298.)

We decline to follow *Arant* and conclude the trial court had no discretion to impose a concurrent sentence. "The determinate sentencing law treats in-prison offenses differently than out-of-prison offenses. (*People v. McCart* (1982) 32 Cal.3d 338, 340[.]) The difference is simple and understandable. The Legislature wanted in-prison crimes to be punished more severely than crimes committed 'on the outside.' " (*People v. White*

5

(1988) 202 Cal.App.3d 862, 869.) "Section 1170.1[, subdivision (c)] applies to felonies committed when the defendant is confined in a state prison. The statutory scheme makes clear that such felonies, i.e., those felonies committed in prison, are exempt from the general sentencing scheme. [Citation.] A sentence under subdivision (c) is longer than a sentence imposed under subdivision (a) because the in-prison offenses are fully consecutive to the sentence for the offense for which the defendant was in prison. Using sentencing jargon 'the in-prison offense is treated as a new principal term rather than as a subordinate term to the out-of-prison offense.' " (*Id.* at pp. 869-870; see also *In re Tate* (2006) 135 Cal.App.4th 756, 764-765; *People v. Cardenas* (1987) 192 Cal.App.3d 51, 58; see generally *People v. Langston* (2004) 33 Cal.4th 1237, 1242-1244.)

During oral argument, defense counsel argued that a mandatory consecutive sentence cannot be reconciled with the statutory language in section 1170.1, subdivision (b), which states "*[i]f* the new offenses are consecutive with each other." (Boldface and italics added.) Notwithstanding counsel's argument, as noted *ante*, the Three Strikes law states that "Any sentence imposed pursuant to subdivision (e) will be imposed consecutive to any other sentence which the defendant is already serving, unless otherwise provided by law." (§ 667, subd. (c)(8).) There is nothing in section 1170.1, subdivision (b), that trumps the mandate to impose consecutive sentences under the Three Strikes law. The two statutes, read together and applied with the legislative goal to punish in-prison crimes more severely than crimes committed outside of prison, lead us to the conclusion that the trial court was mandated to impose consecutive terms. As the

People noted during oral argument, following defense counsel's argument would gut the language and intent of the statutes.

Therefore, because we find that the trial judge had no discretion to sentence defendant to a concurrent term for his in-prison possession convictions in the original sentencing on the Riverside Case, the trial court properly sentenced defendant to a term to be served fully consecutively to the sentence defendant was already serving.

**DISPOSITION**

The judgment is affirmed.

CERTIFIED FOR PUBLICATION

MILLER _____

J.

We concur:

RAMIREZ _____

P. J.

McKINSTER _____

J.

7